**Jack GRANT, Jr., Evelyn H. Grant, and all other persons similarly situated, Plaintiffs-Appellants,**

v.

**GENERAL ELECTRIC CREDIT CORPORATION, Defendant-Appellee.**

No. 83–8456.

United States Court of Appeals, Eleventh Circuit.

March 19, 1984.

Opinion on Granting of Rehearing En Banc May 22, 1984.

David E. Hudson, John B. Long, Augusta, Ga., for plaintiffs-appellants.

Byron Attridge, Michael E. Ross, Walter W. Driver, Jr., Atlanta, Ga., for defendant-appellee.

Before GODBOLD, Chief Judge, RONEY and KRAVITCH, Circuit Judges.

PER CURIAM:

Plaintiff-appellants purchased a mobile home from Hutchinson Homes, Inc. in February 1982. The parties entered into a retail installment sales contract on a form prepared by the defendant-appellee, General Electric Credit Corporation (GECC), which obtained the contract by assignment from Hutchinson shortly after the Grants took possession of the home. The rate of interest on the contract exceeded an add-on rate of 13.6%, 3.6% higher than the maximum finance charge on mobile home contracts allowed under the Georgia Motor Vehicle Sales Finance Act, O.C.G.A. §§ 10-1-30 to -38 (Michie 1982).

The Grants filed a complaint in the District Court for the Southern District of Georgia on behalf of themselves and a class of all persons similarly situated, seeking damages and injunctive relief for the alleged violation of Georgia law. In addition to setting forth the state law claim, the complaint attempted to refute an anticipated defense that the high interest rate was valid under § 501 of the Depository Institutions Deregulation and Monetary Control Act, Pub.L. No. 96–221, Title V, 94 Stat. 161 (1980) (codified at 12 U.S.C. § 1735f–7 note) (the "Act"), which preempts state usury laws governing mobile home financing if the lender complies with certain consumer protection regulations. Attached to the complaint was a copy of the financing agreement. After a hearing on defendant's motion to dismiss for failure to state a claim, the district court dismissed the action, concluding that the Act governed the contract and that the finance charge was thus protected under federal law. We reverse.

The Grants alleged in their complaint and maintain on appeal that GECC did not comply with the conditions imposed by the Act and the implementing regulations, and that the contract is therefore governed by Georgia law. Specifically, they contend that the contract impermissibly allows GECC to immediately declare the entire contract due

and payable upon the buyer's default without giving the debtor thirty days notice and right to cure as provided in the Act and 12 C.F.R. § 590.4(h) (1983).[1]

This case is controlled by our decision in *Quiller v. Barclays American/Credit, Inc.,* 727 F.2d 1067 (1984), where we held that although neither the Act nor the regulations requires the lender to include a thirty-day notice provision in the financing agreement, if the contract contains a term or condition inconsistent with the regulations, the creditor may not obtain the benefits of the federal statute.

■ Section 501(c) of the Act authorizes the preemption of state usury limits only if the "terms and conditions" of the loan agreement comply with the consumer protection regulations promulgated by the Federal Home Loan Bank Board. The regulation applicable to this contract provides:

*[N]o action to repossess or foreclose, or to accelerate payment* of the entire outstanding balance of the obligation, *may be taken* against the debtor *until 30 days after the creditor sends the debtor a notice of default....* In the case of default on payments, the sum stated in the notice may only include payments in default and applicable late or deferral charges....

12 C.F.R. § 590.4(h) (1983) (emphasis added).

The Grants' contract provides in part:

In the event of Buyer's default in payment when due, Seller may declare *immediately* due and payable any and all installments due or to become due hereunder, less the unearned portion of that part of the *FINANCE CHARGE* designated as Time Price Deferential calculated by the Pro-Rata Method *provided that Buyer shall be given notice of right to cure default before Seller is permitted to exercise that right....*

This passage is directly contrary to the statute and § 590.4(h) of the regulations because it grants the creditor the right, upon default, to immediately accelerate payment of any and all installments due or to become due under the contract. The

---

**1.** In an amended complaint filed shortly before the district court rendered its decision and in their appeal to this court, the Grants have alleged additional reasons why their contract does not comply with federal law. Because we decide *infra* that the Grants are entitled to a reversal of the district court's dismissal based upon the contract's failure to accurately state the creditor's right to accelerate, we need not decide the validity of their other contentions.

regulation unequivocally forbids the creditor from immediately demanding all installments due and payable upon default; it can only do so thirty days after the creditor sends the debtor notice of default and right to cure. Moreover, the regulation provides that the sum stated in the notice may only include payments in default plus any applicable late charges. The creditor may not, as this contract allows, declare all installments due and payable as soon as the debtor defaults one payment. A provision allowing all future payments to become due immediately upon default is an inaccurate statement of the creditor's rights in the federal scheme.

The qualifying clause here ("provided that Buyer shall be given notice of right to cure . . . .") may more accurately inform the debtor of his absolute right to notice than did the qualifying clause in *Quiller*,[2] but the clause does not remedy the inaccurate statement of the creditor's power already conveyed. The passage transmits two conflicting messages: the creditor's right to declare all installments immediately due and payable and the debtor's right to cure before the creditor exercises that right. As in the *Quiller* contract, a debtor reading this provision might receive an accurate impression of his rights if he is aware of the federal statute, but absent this outside knowledge, the debtor can only conclude that the creditor may accelerate immediately upon default, subject to some unspecified right to cure.

Since § 590.4(h) forbids immediate acceleration, the contract does not comply with the regulation. When a financing agreement includes a term that is inconsistent with one of the Act's implementing regulations, the applicability of state law to the contract is not preempted. We therefore reverse the district court's dismissal of the complaint. REVERSED and RE-MANDED.

RONEY, Circuit Judge, dissenting:

I respectfully dissent for the reasons stated in my dissent in *Quiller v. Barclays American/Credit, Inc.*, 727 F.2d 1067, 1072 (11th Cir.1984).

---

2. The contract in *Quiller* allowed the lender to foreclose, repossess or accelerate payment

## ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

Before GODBOLD, Chief Judge, RONEY, TJOFLAT, HILL, FAY, VANCE, KRAVITCH, JOHNSON, HENDERSON, HATCHETT, ANDERSON and CLARK, Circuit Judges.

BY THE COURT:

A member of this Court in active service having requested a poll on the application for rehearing en banc and a majority of the judges in this Court in active service having voted in favor of granting a rehearing en banc,

IT IS ORDERED that the cause shall be reheard by this Court en banc *with* oral argument on a date hereafter to be fixed. The Clerk will specify a briefing schedule for the filing of en banc briefs.

"without notice, subject to any notice of right to cure. . . ." 727 F.2d at 1071 (1983).